IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                   RESPONDENT

vs.                                          Criminal No. 1:13-cr-10026
                                             Civil No. 1:18-cv-01046

GREGORY A. TAYLOR                                                              MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant is Gregory A. Taylor ("Taylor") who is proceeding *pro se*. On July 19, 2018, Taylor filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 297. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 316.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

**1.      Procedural Background**:[1]

On September 18, 2013, Taylor was named in Counts One, Sixteen, Seventeen, Eighteen, Twenty-Five, Thirty-Four and Thirty-Five of a thirty-five-count Indictment filed in the Western District of Arkansas, El Dorado Division. ECF No. 1. Count One charged Taylor with conspiracy to defraud the United States; Counts Sixteen, Seventeen and Eighteen of the Indictment charged him with wire fraud; Counts Twenty-Five, Thirty-Four, and Thirty-Five charged Taylor with aggravated

---

[1] The procedural background is taken from the Motion and Response filed in this matter as well as the Court's docket in this matter.

identity theft.  *Id.*

On June 25, 2014, the Grand Jury returned a 48 count Superseding Indictment that named Taylor in the same counts as the original Indictment plus Counts Thirty-Six through Forty-Eight. ECF No. 99.  Count Thirty-Six of the Superseding Indictment charged Taylor with submitting false claims; Counts Thirty-Seven through Forty-Two charged Taylor with wire fraud; and Counts Forty-Three through Forty-Eight charged Taylor with aggravated identity theft.  *Id.*

On December 28, 2015, Taylor appeared with counsel before the Honorable Susan O. Hickey for a change of plea hearing.  ECF No. 174.  A written plea agreement was presented to the Court that set forth the terms of Taylor's agreement to plead guilty to Count One of the Superseding Indictment.  ECF No. 175.  The Court accepted Taylor's plea and ordered a Presentence Investigation Report ("PSR").  ECF No. 174.

Subsequently, the Probation Office issued Taylor's final PSR.  ECF No. 233.  The PSR found Taylor's base offense level was set at 6 and he received a 14-point increase for the actual loss he caused the IRS to suffer and a 2-point increase for using a special skill.  *Id.* at ¶¶ 36, 37, and 39.  The PSR also assessed a 2-point increase for the offense involving 10 or more victims, 2-points for the use of sophisticated means, and 3-points for his role in the offense as a manager or supervisor.  *Id.* at ¶¶ 38, 38a, and 40.  This resulted in a Total Offense Level of 26, following a three-level reduction for acceptance of responsibility.  *Id* at ¶¶ 44-45.  Taylor's criminal history score was determined to be 1, which resulted in a criminal history category of I.  *Id.* at ¶¶ 60, 61.  Taylor's statutory maximum term of imprisonment was 10 years and based on a Total Offense Level of 26 and a Criminal History category of I, his advisory Guidelines range was 63 to 78 months imprisonment.  *Id.* at ¶¶ 105, 106.

On June 12, 2017, Taylor appeared before the Honorable Susan O. Hickey for sentencing.

ECF No. 232. At the conclusion of the hearing, the Court sentenced Taylor to 66 months imprisonment, with credit for time served in federal custody, 3 years supervised release, a $100.00 special assessment, and $1,274,163.84 in restitution. ECF No. 234. The judgment was entered on June 14, 2017. *Id.* Taylor waived his right to directly appeal his conviction and sentence as a part of the Plea Agreement. ECF No. 175 ¶ 7.

On July 19, 2018, Taylor filed the instant *pro se* Motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence, along with a memorandum brief in support thereof. ECF No. 297, 298. The Court appointed counsel to represent Taylor and directed the United States to file a response to the Motion to Vacate, Set Aside, or Correct Sentence. ECF No. 300. Appointed counsel filed a notice that no supplement to the Motion would be submitted. ECF No. 309. The Government responded (ECF No. 316), and this Motion is now ripe for consideration.

**2.**　**Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be re-litigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.     Discussion**:

Upon review of Taylor's Motion, the Court finds it is time-barred. Thus, the Court will only address this issue.

   **A.     One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction.

A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). Notably, if a defendant does not appeal his or her conviction, the judgment becomes final within fourteen (14) days following the entry of judgment.

Accordingly, in Taylor's case, the judgment was entered on June 14, 2017. ECF No. 234. Because Taylor did not appeal this judgment, it then became final fourteen days later or on June 28, 2017. Under AEDPA, Taylor then had one year, or by June 28, 2018, to file the current 28 U.S.C. § 2255 Motion. Taylor, however, waited until July 16, 2018 to file the current Motion.[2] Thus, absent some exception to the one-year statute of limitations extending this deadline, Taylor's 28 U.S.C. § 2255 Motion is time-barred.

---

[2] Under the prison mailbox rule, a *pro se* pleading is deemed filed upon deposit in the prison mail system. *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir.2006). The correctional institute mailing stamp on Taylor's envelope indicates his pleading was processed through the mail on July 16, 2018.

### B. Statutory Tolling

The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2-4). The § 2255 Motion filed by Taylor sets forth nothing in support of any of these grounds to extend the one year limitations period. There is, therefore, no factual basis to find that any of the § 2255(f)(2-4) statutory provisions apply to this case to extend the one year limitations period beyond the date when the judgment of conviction became final. Unless equitable tolling applies, the motion was not timely filed and should be dismissed.

### C. Equitable Tolling

Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to timely file a 28 U.S.C. § 2255 motion. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). *See, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." (quoting *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003))). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'" *Riddle v. Kemna,* 523 F.3d 850, 857 (8th Cir. 2008)(citations omitted).

Taylor has not alleged any extenuating circumstances beyond his control prevented a timely filing, nor has he even relied on the doctrine of equitable tolling. He does not claim some Government action made it impossible or difficult for him to uncover the facts that he now asserts in support of his claims. He does not allege the Government somehow lulled him into inaction. He does not refer to any extraordinary circumstances, attributable to the Government or to any other external cause, that prevented him, in the exercise of reasonable diligence, from discovering the facts upon which his claims are based soon enough to enable him to bring a timely habeas petition. In sum, Taylor has failed to allege and establish any factual basis whatsoever to fit within the "exceedingly narrow window of relief" that equitable tolling provides.

The Court cannot find there are any "extraordinary circumstances" justifying the application of equitable tolling. Thus, Taylor's 28 U.S.C. § 2255 motion is still time-barred.

**4.    Conclusion**:

Taylor's Motion is time-barred under AEDPA's one-year statute of limitations. At the very latest, he was required to file his 28 U.S.C. § 2255 motion by June 28, 2018. Here, Taylor waited until July 16, 2018 to file the current Motion. Thus, this Motion is untimely.

**5.    Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 297) be **DENIED** and dismissed with prejudice. No evidentiary hearing is necessary in this matter.[3]

---

[3]Taylor does assert he instructed his trial counsel to file an appeal. I note that Taylor expressly waived any right to appeal in the Plea Agreement in this case. ECF No. 175, p. 5-6. Further, while an evidentiary hearing is ordinarily held when this claim is made, no evidentiary hearing is required on this claim as it is untimely. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) ("If it

The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **7th day of March 2019.**

      /s/ *Barry A. Bryant*
      HON. BARRY A. BRYANT
      U.S. MAGISTRATE JUDGE

---

is apparent from the face of the motion and supporting record that Anjulo–Lopez's petition is untimely, 'then no hearing was, or is now, required.'") (citation omitted).