IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                        Case No. 1:13-cr-10026-001

GREGORY A. TAYLOR                                                                           DEFENDANT

## ORDER

Before the Court is Defendant Gregory A. Taylor's Motion for Release from Custody under CARES ACT (ECF No. 334) and his Supplemental Motion to Reduce Sentence Pursuant to Section 603 of the First Step Act of 2018. ECF No. 346. The Government has filed a response. ECF No. 250. Defendant has replied. ECF No. 352. The Court finds this matter ripe for consideration.

## BACKGROUND

Defendant was named in numerous counts of a thirty-five-count Indictment filed in the Western District of Arkansas, El Dorado Division, on September 18, 2013. ECF No. 1. On June 25, 2014, a forty-eight-count Superseding Indictment named Defendant in every newly added count. ECF No. 99. Defendant entered into a plea agreement on December 28, 2015, in which he pled guilty to one count charging him with conspiracy to defraud the United States under 18 U.S.C. § 286. ECF No. 175. On June 14, 2017, Defendant was sentenced to 66-months imprisonment with credit for time served in federal custody, three years supervised release, and a $100 special assessment.[1] ECF No. 234.

---

[1] Defendant was also ordered to pay $1,274,163.84 in restitution "joint and several" with all co-defendants in this case. ECF No. 234.

Defendant filed his initial *pro se* Motion for Release from Custody under CARES ACT on May 28, 2020. ECF No. 334. The Court subsequently appointed a federal public defender to represent Defendant for any motions pursuant to Section 603 of the First Step Act of 2018 ("FSA"). ECF No. 335. Defendant filed his Supplemental Motion to Reduce Sentence pursuant to Section 603 of the FSA on November 12, 2020. ECF No. 346. Defendant argues that his medical conditions combined with the ongoing Covid-19 pandemic create circumstances that justify reducing his sentence to time served and ending his confinement. Defendant states that his obesity and hypertension place him at significant risk of severe health consequences if he contracts Covid-19 and contends that his current confinement makes contraction likely. Defendant also argues that the required statutory considerations for sentencing favor a reduction because the pandemic creates a harsher sentence than initially anticipated, his offense was non-violent, and his age and time he has already served function as deterrents from future crimes. Lastly, he argues that the family support and financial stability he will have if released supports a reduction to his sentence. That support comes in the form of his parents providing housing, likely employment at Home Depot, and military disability payments and health care provided by the Veteran's Administration. ECF No. 346, p. 16.

The Government's response (ECF No. 350) opposes Defendant's request for a sentence reduction. The Government's initial argument against granting the reduction is that Defendant has already contracted and recovered from Covid-19. The Government notes that Defendant's first infection involved only mild symptoms, Defendant fully recovered, and that reinfection of Covid is rare. The Government then highlights the various measures taken by the Bureau of Prisons to prevent the spread of Covid-19 within its facilities.[2] The Government also contends that even if

---

[2] These measures include, but are not limited to, increased screening of inmates and staff, suspension of social visits, operational modification to emphasize social distancing, and establishing quarantine areas. ECF No. 350, p. 15-17.

the circumstances with Defendant's health and the pandemic are extraordinary and compelling, the required analysis of sentencing factors and community safety factors weighs against granting Defendant's request for a reduced sentence. The Government notes that Defendant has a prior violent crime conviction that weighs against his release on public safety considerations. The Government also argues that reducing Defendant's sentence to time served when less that two-thirds of the sixty-six-month sentence has elapsed would undermine the future deterrence factor of the sentencing considerations.

In his reply (ECF No. 352), Defendant reiterates that the combination of his health issues and the ongoing pandemic create extraordinary and compelling reasons justifying his release. He also argues that his current sentence is for a nonviolent crime and that the support he anticipates upon release indicate that he is not a danger to the community. He contends that his rehabilitation is finished and notes the various educational courses he has completed. Lastly, Defendant clarifies that he is not asking the Court to change the place of his confinement to carry out his sentence. Instead, he is open to having home confinement be a condition of supervised release if the Court does not reduce his sentence entirely to time served.

## DISCUSSION

Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Before analysis of those factors can begin, the Court must determine if Defendant has exhausted all administrative remedies available. 18 U.S.C. § 3582(c)(1)(A).

### A. Exhaustion of Administrative Remedies

The FSA has provided two avenues for a defendant to bring a compassionate release motion to a district court. The defendant may either file a motion once he "has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring the motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility in which the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

In this case, Defendant sent his request for compassionate release in writing to the warden on April 14, 2020. ECF No. 346-1. The warden issued an initial denial of that request on April 29, 2020. *Id*. Defendant submitted a BP-9 request on September 17, 2020, and did not receive a denial until November 5, 2020, greater than 30 days after the submission. ECF No. 346, p. 2, n. 4. The Government does not dispute that Defendant has exhausted his administrative remedies and states that this Court has jurisdiction to consider the merits of Defendant's motion. ECF No. 350, p. 7. Accordingly, the Court finds that Defendant has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A) and can assess his motion on the merits.

### B. Extraordinary and Compelling Reasons

The Court finds that Defendant has failed to show that there are extraordinary and compelling reasons justifying a reduction in his sentence and a release from confinement.

Pursuant to the FSA, the Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A).[3] This policy statement limited "extraordinary and compelling reasons" to only include the following four circumstances:

(A) Medical Condition of the Defendant. –

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

---

[3] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement. This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA. *See* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion). Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the pre-FSA policy statement or if courts can look beyond those examples. Courts have answered that question with mixed results. *See United States v. Brown*, 411 F. Supp. 3d 446, 449-50 (S.D. Iowa 2019) (highlighting the debate regarding the outdated policy statement). However, at minimum, the pre-FSA policy statement provides guidance as to what constitutes extraordinary and compelling reasons. *See U.S. v. Schmitt*, 2020 WL 96904, at *3 (stating that various courts agree that even though the policy statement has not been updated, it nevertheless provides helpful guidance).

> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant states that the current circumstances of his confinement fall under the "Other Reasons" provision found in U.S.S.G. § 1B1.13 cmt. n.1(D), citing his medical conditions and the ongoing pandemic. ECF No. 352, p. 3. The Court is not persuaded. While Defendant correctly notes that his obesity and hypertension have been identified as risk factors that increase the probability of severe illness after contracting Covid-19, he has already contracted and recovered from it. Defendant also admits that reinfection, while possible, is not a common occurrence. Defendant submits that a potential second infection will be more harmful that the first but offers no support for that assertion. Defendant's initial bout with Covid-19 only involved mild symptoms and he has made a full recovery with no known lingering issues. This undermines Defendant's contention that a reinfection with his medical conditions would pose the same risks as an initial infection would to those in the general public with the same risk factors. The Government's response in opposition to Defendant's motion detailed the plethora of actions the Bureau of Prisons is currently taking to prevent the spread of Covid-19 in its facilities and casts further doubt on Defendant's likelihood of reinfection. ECF No. 350, p. 15-21. Between the precautions taken by the Bureau of Prison, the low probability of reinfection, and Defendant's initial mild bout with Covid-19, the Court finds an absence of extraordinary and compelling circumstances that are necessary for granting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

### C. § 3553(a) Sentencing Factors

Even if the Court found Defendant had presented an extraordinary and compelling reason for compassionate release, it would still deny such release upon its evaluation of the factors under 18 U.S.C. § 3553(a). That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed—
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant; and
>>>
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>>
>> (3) the kinds of sentences available;
>>
>> (4) the kinds of sentence and the sentencing range established for—
>>
>>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
>>
>> (5) any pertinent policy statement [issued by the Sentencing Commission];
>>
>> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>>
>> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant argues that the nature of his offense, the deterrence effect of his age combined with time already served, and the pandemic creating a harsher sentence than initially intended support his release when analyzed through the § 3553(a) sentencing factors. The Court is not persuaded. Regarding the pandemic creating a harsher sentence, the Court determined above that the circumstances related to Defendant's medical issues and potential reinfection with Covid-19 are not as severe as Defendant contends. While Defendant's current offense is not violent in nature,

he has a criminal conviction of 2nd Degree Battery that predates this offense. ECF No. 196, ¶ 54. This weighs against Defendant under § 3553(a)(1)'s specific requirement to consider his history. A petition to revoke Defendant's probationary sentence for the 2nd Degree Battery conviction was filed due to Defendant allegedly depositing forged postal money orders.[4] ECF No. 196, ¶ 71. This instance of Defendant potentially violating a probationary sentence for a conviction counts against § 3553(a)(2)(c)'s consideration of protecting the public against further crimes of the Defendant. As to Defendant's argument that his time served has already fulfilled his sentence's deterrence purposes under § 3553(a)(2)(B), Defendant has served less than two-thirds of his sentence. The Court finds that the sentence's deterrence effect would be diminished if Defendant is released with such a significant amount of time left to serve. Lastly, while Defendant's increased age does indicate a lower chance of recidivism, he is still well below an age that makes him subject to relevant statutory provisions and policy statements for reducing a sentence based on age. *See* 18 U.S.C. § 3582(c)(1)(A)(ii); USSG § 1B1.13, n.1(B). For those reasons, the Court does not find that § 3553(a) sentencing factors favor Defendant's request for release.

### D. Safety Considerations Under 18 U.S.C. § 3142(g)

The Court also finds that the necessary consideration of public safety prevents the Court from granting Defendant's request for release.

The requirement under 18 U.S.C. § 3582(c)(1)(A) that any reduction be consistent with any applicable policy statements issued by the Sentencing Commission necessitates an evaluation of the 18 U.S.C. § 3142(g) safety factors. *See* USSG § 1B1.13(2). The factors for consideration under § 3142(g) are:

> (g) Factors to be considered.-The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required

---

[4] The Government states that it believes the petition to revoke for this alleged offense was dismissed due to Defendant's guilty plea in a separate matter. ECF No. 350, p. 22.

and the safety of any other person and the community, take into account the available information concerning-

>(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

>(2) the weight of the evidence against the person;

>(3) the history and characteristics of the person, including—

>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Defendant asserts that the non-violent nature of his current offense, his rehabilitation during his sentence, and the stability his proposed post-incarceration life would provide makes for a favorable analysis under the § 3142(g) factors. The Court is not persuaded. The Court acknowledges Defendant's efforts to educate himself during incarceration and notes the stability he anticipates upon his release. However, the § 3142(g)(3)(A) consideration of past conduct and criminal history significantly undermines Defendant's argument. As noted earlier, Defendant has a prior conviction for 2nd Degree Battery. ECF No. 196, ¶ 54. That conviction involved Defendant

injuring a law enforcement officer who was responding to a domestic disturbance of which Defendant was a participant. *Id*. While serving his probationary sentence for that offense, a petition to revoke was submitted for allegedly depositing forged postal money orders. ECF No. 196, ¶ 71. Though his current conviction is for a non-violent offense, the Court finds that Defendant's past violent conviction and conduct while serving his sentence for that conviction looms large under the § 3142(g)(3)(A) consideration of history and criminal record. Accordingly, the Court finds that it must deny Defendant's request for release pursuant to the § 3142(g) safety considerations.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant's motions (ECF Nos. 334 and 346) should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 1st day of March, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge